```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


IN THE MATTER OF THE COMPLAINT   §
OF SANCO HOLDING AS and          §
SANCO SHIPPING AS, AS OWNER      §
AND MANAGER, RESPECTIVELY, OF    §   CIVIL ACTION NO. 3:07-CV-0161
THE M/V SANCO SEA, FOR           §
LIMITATION OF LIABILITY          §
```

MEMORANDUM AND ORDER

Pending are Sanco Holding AS's and Sanco Shipping AS's (collectively "Sanco") Motion for Summary Judgment of Syrianne Frazier's Individual Claims [for Nonpecuniary Damages] Against Sanco (Document No. 42); Motion for Final Summary Judgment of All Rhonda Kern's Claims Against Sanco (Document No. 43); Motion for Summary Judgment of All James and Sarah Frazier's Claims (Document No. 53); and Motion for Summary Judgment on All Unseaworthiness Claims Against Sanco (Document No. 46). After carefully considering the motions, responses, and the applicable law, the Court concludes as follows.

I. Background

On January 20, 2007, the M/V Sanco Sea, owned by Sanco, departed Galveston, Texas, with compulsory pilot William Kern ("Kern") aboard. *See* Document No. 42. After the M/V Sanco Sea cleared the Ship Channel jetties, the pilot boat Galtex, piloted by George Frazier ("Frazier"), came alongside and Kern disembarked

from the Sanco Sea.  Id.  Shortly thereafter, the Galtex capsized and sank.  Id.  Kern escaped the sinking vessel but sustained injuries in the process; however, Frazier perished.  Id.

On March 28, 2007, Sanco, as owners of the M/V Sanco Sea, filed a limitation action pursuant to 46 U.S.C. §§ 30501, et seq.  See Document No. 1.  Syrianne Frazier, Frazier's widow, individually and as administratrix of Frazier's estate; James Frazier and Sarah Frazier, Frazier's parents; Kern and his wife, Rhonda Kern (collectively, the "Death and Injury Claimants"); and Galtex Pilot Service Corporation (collectively with the Death and Injury Claimants, "Claimants") in their Amended Answer filed claims against Sanco, alleging that their injuries were "due primarily to the design, negligence, and/or fault of [Sanco] and/or the unseaworthiness of the SANCO SEA"; "that they are entitled to damages which they have sustained as a result of the legal fault of [Sanco]"; and "demand[ing] judgment against [Sanco] in an amount to be determined by this Court."  See Documents No. 16 at 2; Document No. 17.[1]

Sanco now moves for summary judgment contending (1) Syrianne Frazier has no cognizable individual claim for nonpecuniary damages; (2) James Frazier, Sarah Frazier, and Rhonda Kern cannot maintain claims for damages; and (3) no duty of the Sanco Sea's

---

[1] Sanco also filed a counterclaim against Kern, which Kern answered.  See Document Nos. 49, 50, 57.

seaworthiness was owed to Frazier, Kern, or Galtex Pilot Service Corporation.

## II. Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986) (quoting FED. R. CIV. P. 56(c)); *see also* Nationwide Life Ins. Co. v. Bankers Lending Ass'n, Inc., 182 F.3d 157, 160 (2d Cir. 1999) (commenting that "summary judgment is a 'drastic device, since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury,'" and so "the moving party bears a heavy burden of demonstrating the absence of any material issues of fact.").

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). "If, on the other hand, the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary

judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

## III. Discussion

A. Individual Claims of Syrianne Frazier

Sanco moves for summary judgment on "any and all individual claims of Syrianne Frazier for nonpecuniary damages," arguing that because George Frazier was a Jones Act seaman, Syrianne Frazier, his widow, cannot recover nonpecuniary damages in a general maritime wrongful death action. *See* Document No. 42 at 1, 3-5. Syrianne Frazier concedes that Frazier was a seaman on the Galtex. *See* Document No. 43 at 3-4; 61 at 2. It is uncontroverted that he died when his vessel capsized and sank.

In Miles v. Apex Marine Corp., 111 S. Ct. 317, 326 (1990), the Court held that "[t]here is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." In so concluding, the Court sought to "restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law," disallowing recover of nonpecuniary damages by a seaman's survivors. Id.

In Scarborough v. Clemco Industries, the Fifth Circuit applied Miles to hold that neither a Jones Act seaman nor his survivors may recover nonpecuniary damages from non-employer third parties.

5

391 F.3d 660, 668 (5th Cir. 2004). That is the case here. As a matter of law, in a general maritime claim for wrongful death brought by the survivor of a seaman, the survivor's recovery is limited to pecuniary losses whether the party responsible for the seaman's death was his employer or a non-employer third party.

In her Response, Syrianne Frazier has not established any other cognizable legal theory for recovery of nonpecuniary damages against Sanco for the death of her seaman husband, accompanied by affidavits or other summary judgment evidence sufficient at least to raise a genuine issue of material fact on each of the essential elements of such an alternative theory. She does, however, present a Rule 56(f) motion for continuance, in which she argues that more pretrial discovery is needed. On this issue, however, she fails to "demonstrate (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact." Brown v. Miss. Valley State Univ., 311 F.3d 328, 333 n.5 (5th Cir. 2002). Nonetheless, the Court has delayed ruling on Sanco's motion for more than six months to allow ample time for additional discovery and for Syrianne Frazier to file any supplemental response, affidavit, or evidence that might demonstrate a viable claim against Sanco for nonpecuniary damages. Syrianne Frazier has provided nothing else.[2]

---

[2] The Death and Injury Claimants also have included Rule 56(f) motions for continuances in their responses to the other three motions for summary judgment discussed below. The Court has

Accordingly, Sanco's Motion for Summary Judgment on all individual claims of Syrianne Frazier for nonpecuniary damages will be granted and such claim will be dismissed with prejudice.

B.    Claims of James Frazier and Sarah Frazier

Sanco challenges "any and all claims of James and Sarah Frazier against Sanco Defendants."  *See* Document No. 53 at 1. Sanco breaks down its motion to argue that James Frazier and Sarah Frazier, Frazier's divorced parents, (1) cannot recover pecuniary damages in a general maritime wrongful death action because they were not dependent on their son; (2) cannot recover pre-death pain and suffering damages in a survival action because they are not the named representatives of Frazier's estate; (3) cannot recover for their own mental anguish or physical pain under general maritime law; and (4) cannot recover nonpecuniary damages in a wrongful death action because Frazier was a seaman.  *See* id. at 4-7.

   1.    Claims for Pecuniary Damages

In a wrongful death action under general maritime law, the decedent's dependents may recover damages for harms they personally suffered resulting from the decedent's death, including loss of

---

delayed ruling on all of these motions for more than six months, which has effectively granted the continuances requested.  No additional filings have been made, however, except for affidavits filed last month in support of the claims of James Frazier and Sarah Frazier, referred to below at pages 8-9.

support, services, and funeral expenses. *See* Sea-Land Servs., Inc. v. Gaudet, 94 S. Ct. 806, 814-15 (1974); *see also* Wahlstrom v. Kawasaki Heavy Indus., Ltd., 4 F.3d 1084, 1092-1093 (2d Cir. 1993); Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 893 (5th Cir. 1984); 1 THOMAS J. SCHOENBAUM § 8-1 (2004). Parents may not recover for the support and services of a child absent a showing of actual financial dependence on the child or the "anticipat[ion] [of] future pecuniary benefits from support or services to be rendered to them by their deceased son." Neal v. Barisich, Inc., 707 F. Supp. 862, 868-70 (E.D. La.), *aff'd*, 889 F.2d 273 (5th Cir. 1989) (table); *see* Wahlstrom, 4 F.3d at 1093; *see also* Gaudet, 94 S. Ct. at 814-15 (finding that the decedent's dependents may recover damages for loss of support and services in a general maritime wrongful death action, including "all the financial contributions that the decedent would have made to his dependents had he lived . . . . [and] the monetary value of services the decedent provided and would have continued to provide but for his wrongful death").

Affidavits have recently been filed supporting James Frazier's and Sarah Frazier's claims of some measure of financial dependence upon their deceased son for support and services. Viewed in a light most favorable to non-movants, genuine issues of material fact have been raised on whether Sarah Frazier and James Frazier reasonably anticipated future pecuniary benefits from support and

8

services to be rendered to them by their deceased son.  The motion for summary judgment will be denied as to this claim for pecuniary damages.

### 2.   Claims for Pre-Death Pain and Suffering

Sanco correctly argues that James Frazier and Sarah Frazier cannot recover damages for the pre-death pain and suffering of their deceased son because they are not the representatives of his estate and therefore cannot maintain a survival action.  *See* Document No. 53 at 5.  The Fifth Circuit articulated the difference between survival and wrongful death actions in Miles v. Melrose, 882 F.2d 976, 985 (5th Cir. 1989), *aff'd sub nom.*, Miles v. Apex Marine Corp., 111 S. Ct. 317 (1990) (emphasis added):

> In a survival action, the estate or successors of a deceased person are allowed to prosecute a claim for personal injury that the deceased himself would have had but for his death.  In a wrongful death action, the victim's dependents, not the victim, are allowed to recover for the harms they personally suffered as a result of the death, independent of any action the decedent may have had for his own personal injuries.

*See also* Neal v. Barisich, 707 F. Supp. 862, 867 (E.D. La. 1989) ("[Pre-Death Pain and Suffering] damages are considered pecuniary damages, recoverable as survival damages to the *decedent's estate* under both the Jones Act and general maritime law." (emphasis added)); 2 BENEDICT ON ADMIRALTY § 7-81 (Matthew Bender 2007) ("A survival action permits the decedent's estate to recover for any

claims for personal injury the deceased would have had but for his death."); 1 SCHOENBAUM, *supra*, § 8-1 ("A survival action recognizes the right of a victim's estate to recover damages for his or her personal injuries prior to death."). Generally, under both the Jones Act and general maritime law, only the personal representative of a decedent's estate has standing to sue for survival damages. *See* Ivy v. Sec. Barge Lines, Inc., 585 F.2d 732, at 734-35 (5th Cir. 1978). The right to recover in a survival action therefore belongs to the administrator or executor of the decedent's estate.

Here, it is uncontroverted that Frazier's estate is represented by his widow, Syrianne Frazier, not by James Frazier or Sarah Frazier. Accordingly, neither James Frazier nor Sarah Frazier has standing to maintain a survival action against Sanco, and summary judgment will be granted in favor of Sanco insofar as the claims of James Frazier and Sarah Frazier may seek recoveries of damages for the deceased's pre-death pain and suffering.

3. Claims for Mental Anguish or Physical Pain

Sanco also correctly argues that James Frazier and Sarah Frazier cannot maintain claims in a general maritime action for their own mental anguish or physical pain resulting from the wrongful death of their seaman son, George Frazier. *See* Document No. 53 at 5. In Gaudet, the Supreme Court held that mental anguish

damages are not recoverable in maritime wrongful death actions. 94 S. Ct. at 815 n.17; *see also* Wahlstrom, 4 F.3d at 1093 ("Damages for mental anguish may not be recovered."). As a matter of law, in maritime wrongful death actions, mental anguish or grief damages are not cognizable.

James Frazier and Sarah Frazier in their Response have not established any other cognizable legal theory for recovery of damages from Sanco for the mental anguish and physical pain suffered by them as a result of their seaman son's death, accompanied by affidavits or any other summary judgment evidence sufficient at least to raise a genuine issue of material fact on each of the essential elements of such alternative theory. Accordingly, Sanco will be granted summary judgment against James Frazier and Sarah Frazier, denying any recovery of damages from Sanco for their mental anguish and physical pain and suffering resulting from the maritime death of their son.

4.  Claims for Nonpecuniary Damages

Lastly, for the reasons explained above with regard to Syrianne Frazier, neither James Frazier nor Sarah Frazier may recover nonpecuniary damages for the wrongful death of their seaman son. As observed above, Miles and Scarborough preclude recovery of nonpecuniary damages in a wrongful death action by survivors of a

seaman as a matter of law, whether the party responsible for the seaman's death was his employer or a non-employer third party. Moreover, just as with Syrianne Frazier, neither James Frazier nor Sarah Frazier has established any other cognizable legal theory for recovery of nonpecuniary damages against Sanco for the death of their seaman son, accompanied by affidavits or other summary judgment evidence sufficient at least to raise a genuine issue of material fact on each of the essential elements of such alternative theory. Accordingly, Sanco will be granted summary judgment denying all claims of James Frazier and Sarah Frazier for nonpecuniary claims.

C.  Claims of Rhonda Kern

Sanco argues that Rhonda Kern (1) cannot recover nonpecuniary damages because her husband, who was the compulsory pilot, was a seaman or Sieracki seaman injured by a non-employer third party; and (2) cannot recover pecuniary damages as a matter of law because these damages duplicate those asserted by her husband. See Document No. 43 at 1. Rhonda Kern contends that there are genuine issues of material fact regarding Kern's status--whether seaman, Sieracki seaman, longshoreman, or other seafarer--and thus summary judgment should be denied.

### 1. Claims for Nonpecuniary Damages

Sanco's analysis regarding nonpecuniary damages conclusorily assumes that Kern is a seaman, or a Sieracki seaman governed by analogous law, and that his spouse is thereby precluded from recovering nonpecuniary damages under Miles and Scarborough. *See* id. at 4-8 (citing Sea Shipping Co. v. Sieracki, 66 S. Ct. 872, 879-80 (1946), *modified by* 33 U.S.C. § 905(b)). If, however, Kern was not a seaman or Sieracki seaman, then Rhonda Kern arguably may be eligible to recover nonpecuniary damages. *See* American Export Lines, Inc. v. Alvez, 100 S. Ct. 1673, 1677 (1980); Bach v. Trident S.S. Co., 920 F.2d 322, 324-26 (5th Cir.), *vacated and remanded by* 111 S. Ct. 2253 (mem.), *reinstated on remand,* 947 F.2d 1290 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 1996 (1992). Because Sanco has not presented summary judgment evidence from which it can be found as a matter of law that Kern was a seaman or Sieracki seaman, Sanco's motion for summary judgment to deny Rhonda Kern nonpecuniary damages will be denied.

### 2. Claims for Pecuniary Damages

Regardless whether Kern was a seaman, Sieracki seaman, longshoreman, or other seafarer, Rhonda Kern has advanced no cognizable legal theory for her recovery of pecuniary damages as a result of the injury sustained by her husband William Kern and for which he himself has filed his own claim, nor has she accompanied

13

the advancement of any such theory with affidavits or other summary judgment evidence to raise so much as a genuine issue of material fact on each of the essential elements of any such claim for recovery.  Accordingly, Sanco is entitled to summary judgment denying Rhonda Kern's claim insofar as it seeks recovery of pecuniary damages from Sanco.

D.   Death and Injury Claimants' Claim for Unseaworthiness

Sanco also challenges all Claimants' claims for unseaworthiness against Sanco as the owner of the M/V Sanco Sea.  *See* Document No. 46; Document No. 16 at 2.  Sanco argues that the Claimants cannot maintain actions for unseaworthiness because: (1) Galtex Pilot Service Corporation ("GPS") is not a seaman, or in fact a person, and therefore is not owed a duty of seaworthiness; (2) Frazier was not a member of the M/V Sanco Sea nor was Sanco his employer at any relevant time; and (3) assuming he is a seaman, Kern was not employed by Sanco and could not be a Sieracki seaman because he had safely disembarked the M/V Sanco Sea before the incident.  *See* Document No. 46 at 4-6.

1.   GPS's Claim of Unseaworthiness

The duty to provide a seaworthy ship extends only to seamen and to those who may be regarded as Sieracki seamen.  *See* Yamaha Motor Corp., U.S.A. v. Calhoun, 116 S. Ct. 619, 625 n.6 (1996);

14

Aparicio v. Swan Lake, 643 F.2d 1109, 1118 (recognizing that although 33 U.S.C. § 905(b) limited longshoremen from recovery for unseaworthiness, the Sieracki seaman doctrine still existed for those maritime workers not covered by the LHWCA). GPS advances no legal argument that it was owed a duty of seaworthiness by the Sanco Sea. Sanco's motion regarding GPS's claim based on the unseaworthiness of the Sanco Sea will be granted.

2. Duty of Seaworthiness to Frazier

Because it is uncontroverted that Frazier was in fact a seaman on the Galtex, Sanco contends Frazier was not a seaman on the Sanco Sea and thus, Sanco owed no duty of seaworthiness to him. *See* Document No. 46 at 5. It is possible for a seafarer to be a seaman as to more than one vessel, but that seafarer must still meet the fact-intensive test articulated in Chandris, Inc. v. Latsis, 115 S. Ct. 2172, 2183 (1995), as to all vessels. *See* Dove v. Belcher Oil Co., 686 F.2d 329, 333 (5th Cir. 1982) ("[A] seaman may have a permanent relationship to more than one vessel, [but] . . . the relationship creating seaman status must be substantial in point of time and work, not merely sporadic . . . .").

It is uncontroverted that Frazier was a seaman of the pilot boat Galtex. The Death and Injury Claimants argue that Frazier could have been a seaman as to the M/V Sanco Sea, thus creating a

15

duty for Sanco to provide him a seaworthy vessel.  However, the Death and Injury Claimants have presented no summary judgment evidence to raise so much as a genuine issue of material fact that George Frazier was also a seaman as to the Sanco Sea.[3]  Accordingly, Sanco's motion for summary judgment will be granted denying any recovery against Sanco premised on the Sanco Sea owing a duty of seaworthiness to Frazier.

### 3.   Duty of Seaworthiness to Kern

As discussed above, genuine issues of material fact remain regarding Kern's seafarer status, and mixed questions of fact and law preclude granting summary judgment to Sanco on this record that Sanco Sea owed no duty of seaworthiness to Kern.

---

[3] The Death and Injury Claimants argue in their Response that the vessels might be considered a "flotilla" because, as they allege, they were alongside each other.  *See* Document No. 59 at. 10-11.  The argument is without merit.  "Where vessels are *owned* by the *same person*, engaged in a *common enterprise*, and under a *single command*, this Court has applied the 'flotilla doctrine' to require--for limitation of liability purposes--the owner's tender of all of the vessels in the flotilla, or the value thereof, pending resolution of the underlying claims."  Complaint of Tom-Mac, Inc., 76 F.3d 678, 684 (5th Cir. 1996) (quoting Cenac Towing Co., Inc. v. Terra Resources, Inc., 734 F.2d 251, 254 (5th Cir. 1984)) (emphasis added).  The claimants have presented no summary judgment evidence to raise a fact issue that the Galtex pilot boat and Sanco Sea were a "flotilla" under established law.

IV.   Order

For the foregoing reasons, it is ORDERED that Sanco Holding AS's and Sanco Shipping AS's Motion for Summary Judgment of Syrianne Frazier's Individual Claims [for nonpecuniary damages] Against Sanco (Document No. 42) is GRANTED, and all of Syrianne Frazier's claims for nonpecuniary damages are DISMISSED with prejudice; it is further

ORDERED that Sanco Holding AS's and Sanco Shipping AS's Motion for Summary Judgment [on James Frazier's and Sarah Frazier's Claims] (Document No. 53) is GRANTED with regard to their claims for mental anguish and physical pain, nonpecuniary damages, and for George Frazier's predeath pain and suffering, and those claims are DISMISSED on the merits, and the motion is otherwise DENIED with regard to their claims for pecuniary damages; it is further

ORDERED that Sanco Holding AS's and Sanco Shipping AS's Motion for Summary Judgment of All Rhonda Kern's Claims Against Sanco (Document No. 43) is GRANTED with regard to her claims for pecuniary damages and those claims are DISMISSED on the merits, and the motion is DENIED with regard to her claims for nonpecuniary damages; it is further

ORDERED that Sanco Holding AS's and Sanco Shipping AS's Motion for Summary Judgment on All Unseaworthiness Claims Against Sanco (Document No. 46) are GRANTED with regard to all claims of unseaworthiness against Sanco premised on the Sanco Sea having owed

a duty of seaworthiness to GPS and/or George Frazier, and those claims of unseaworthiness are DISMISSED with prejudice; and the motion is otherwise DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 7th day of March, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE