IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF SANCO HOLDING AS and | § | |
| SANCO SHIPPING AS, as Owner and | § | CIVIL ACTION NO. G-07-161 |
| Manager, Respectively, of the | § | |
| M/V SANCO SEA, FOR EXONERATION | § | |
| FROM AND/OR | § | |
| LIMITATIONS OF LIABILITY | § | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF GALTEX PILOTS SERVICE CORP., | § | |
| AS OWNERS OF THE M/V GALTEX | § | CIVIL ACTION NO. G-07-201 |
| FOR EXONERATION FROM AND/OR | § | |
| LIMITATIONS OF LIABILITY | § | |

**O R D E R**

On April 3, 2009, this Court conducted a Hearing on the "Motion to Compel Production" (Instrument no. 234) of Sanco.  The Court, having considered the Motion, the reply of Galtex, and the arguments of counsel is of the opinion that the following Orders are appropriate.

It is **ORDERED** that Galtex **SHALL** disclose its damages model on or before **May 15, 2009**, the present deadline for the designation of experts and the tender of reports.

It is further **ORDERED** that this Court **WILL** permit Sanco to seek reconsideration of its Motion in regard to the production of documents which might be relevant to Galtex's damages following receipt of Galtex's damages model and prior to **May 29, 2009**.

It is further **ORDERED** that Sanco **SHALL** have until **May 29, 2009**, to file any necessary additional expert witness report but only in regard to the damages model of Galtex.

It is further **ORDERED** that Galtex **SHALL** produce the sales agreement for the sale of the hull of the M/V GALTEX on or before **April 8, 2009**.

It is further **ORDERED** that Galtex **SHALL** produce the "loss claim" documents on or before **April 8, 2009**; however, Galtex MAY redact the documents produced if, in its opinion, any information contained in the documents is privileged and the Court **WILL**, upon reconsideration of Sanco's Motion, examine the documents in camera and rule on their discoverability.

It is further **ORDERED** that Galtex **SHALL**, on or before **April 8, 2009**, produce all photographs withheld by it on any claim of privilege to the Court for in camera inspection.

It is further **ORDERED** that Galtex **SHALL**, on or before **April 8, 2009**, produce the statements of Captains Borup and Underwood; Galtex **MAY** redact any portions of the statements which do not concern statements of the witnesses relating to their eye witness accounts of the incident made the basis of this litigation, see Southern Railway Company v. Lanham, 403 F.2d 119, 127-28 (5th Cir. 1968), and the Court **WILL**, if requested to do so, examine unredacted copies of the statements to determine whether the redaction was appropriate.

All other relief requested by Sanco in its Motion is **DENIED**, subject to reconsideration, if necessary, after Galtex has designated its expert witnesses and tendered their reports.

Under the circumstances, the Court is of the opinion that any award of attorneys' fees and costs would be inappropriate and, therefore, none are assessed.

**DONE** at Galveston, Texas, this _____6th_____ day of April, 2009.

_____
John R. Froeschner
United States Magistrate Judge

2