IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF SANCO HOLDING AS and | § | |
| SANCO SHIPPING AS, as Owner and | § | CIVIL ACTION NO. G-07-161 |
| Manager, Respectively, of the | § | |
| M/V SANCO SEA, FOR EXONERATION | § | |
| FROM AND/OR | § | |
| LIMITATIONS OF LIABILITY | § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF GALTEX PILOTS SERVICE CORP., | § | |
| AS OWNERS OF THE M/V GALTEX | § | CIVIL ACTION NO. G-07-201 |
| FOR EXONERATION FROM AND/OR | § | |
| LIMITATIONS OF LIABILITY | § | |

OPINION AND ORDER

On March 30, 2009, Sanco Holding A.S. and Sanco Shipping A.S. (collectively "Sanco") filed a "Motion for Reconsideration of and Objections to Magistrate's Report and Recommendation Regarding Performance Diesel, Inc.'s Motion for Summary Judgment." In its Motion, Sanco requests that this Court amend its Report and Recommendation "to delete any findings other than those related to Performance Diesel's responsibility for the condition of the engines of the GALTEX." Performance Diesel is unopposed to the Motion. Having now considered the Motion in its entirety and reconsidered Performance Diesel's Motion for Summary Judgment, the Court issues this Opinion and Order.

The Court must first satisfy itself that it has jurisdiction to consider Sanco's Motion. When a Magistrate Judge has the authority to determine a pretrial matter a party may seek

reconsideration of his decision by the District Court. This procedure is more akin to an appeal and may, therefore, divest the Magistrate Judge of any jurisdiction to reconsider his decision. Cf. <u>Ball v. Martin Marietta Magnesia Specialties, Inc.</u>, 130 F.R.D. 77, 78 (W.D. Mich. 1990) However, the Motion for Summary Judgment of Performance Diesel was referred to this Court for the issuance of a Report and Recommendation because this Court lacks the statutory authority to determine a dispositive motion without the consent of the parties. 28 U.S.C. § 636(b)(1)(A) Therefore, the filing of objections would require the District Court to make a *de novo* review of those matters challenged by Sanco, 28 U.S.C. § 636(b)(1)(C). Under these circumstances, this Court is of the opinion that it continues to have jurisdiction over Performance Diesel's Motion for Summary Judgment until the District Court accepts, rejects or modifies the Report and Recommendation.

After a careful review of Sanco's lengthy new submissions, it is clear to this Court that genuine issues of material fact do exist which "preclude entry of any findings at this time as to the condition of the engines of the GALTEX, the operation of the GALTEX and/or the cause and manner of capsizing of the GALTEX." The Court, therefore, feels compelled to amend its Report and Recommendation, exclude any language which could be construed as such findings, and limit its recommendation to granting Performance Diesel's Motion for Summary Judgment solely upon the basis of a lack of liability for any condition of the engines which may have contributed to the capsizing and sinking of the GALTEX.

It is, therefore, the **ORDER** of this Court that the "Motion for Reconsideration of and Objections to Magistrate's Report and Recommendation Regarding Performance Diesel, Inc.'s Motion for Summary Judgment" (Instrument no. 238) is **GRANTED** only insofar as it seeks

reconsideration of the Report and Recommendation by this Court; the Report and Recommendation dated March 13, 2009, is hereby **WITHDRAWN** and the Court **WILL**, this date, issue an Amended Report and Recommendation.

    **DONE** at Galveston, Texas, this _____6th_____ day of April, 2009.

                                                   _____
                                                   John R. Froeschner
                                                   United States Magistrate Judge